STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorneys for Plaintiff David Cordero

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DAVID CORDERO;<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN FRANCISCO, SAN FRANCISCO OFFICERS OESTRICH, WILLIAMS, COWIG, COTTER, SHARRON, DE FELLIPO and DOE POLICE OFFICERS 1-25;<br><br>    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 Excessive Force (Integral Participants, Failure To Intervene);<br>2. Negligence;<br>3. Battery;<br>4. Bane Act Violation<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF SAN FRANCISCO, SAN FRANCISCO POLICE OFFICERS OESTRICH, WILLIAMS, COWIG, COTTER, SHARRON, DE FELLIPO AND DOE SAN FRANCISCO POLICE OFFICERS 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## PARTIES

1. Plaintiff David Cordero, was at all times relevant to this complaint, living in the City of San Francisco, which is located within the Northern District of California.

2. Defendant CITY OF SAN FRANCISCO is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. SAN FRANCISCO is a municipality located within the Northern District of California.

3. Defendant Officer OESTRICH is a police officer employed by the City of San Francisco and was employed as police officer for the City of San Francisco at the time of the incident in question. This Defendant is being sued in his individual capacity.

4. Defendant Officer WILLIAMS is a police officer employed by the City of San Francisco and was employed as police officer for the City of San Francisco at the time of the incident in question. This Defendant is being sued in his individual capacity.

5. Defendant Officer COWIG is a police officer employed by the City of San Francisco and was employed as police officer for the City of San Francisco at the time of the incident in question. This Defendant is being sued in his individual capacity.

6. Defendant Officer COTTER is a police officer employed by the City of San Francisco and was employed as police officer for the City of San Francisco at the time of the incident in question. This Defendant is being sued in his individual capacity.

7. Defendant Officer DE FELLIPO is a police officer employed by the City of San Francisco and was employed as police officer for the City of San Francisco at the time of the incident in question. This Defendant is being sued in his individual capacity.

8. Defendant Doe San Francisco Police Officers were employed by the City of San Francisco at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in their individual capacities.

9. All defendants acted under the color of law as it pertains to this complaint.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367 as those claims form part of the same case and controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in San Francisco California, which is located in this district.

## STATEMENT OF FACTS

12. On August 12, 2018, at the location of Post and Hyde Streets in San Francisco, the Plaintiff was riding a motorcycle and was stopped at a traffic light. The Plaintiff was approached by the defendants who were attempting to apprehend him.

13. The Plaintiff was not aware that the defendants were attempting to apprehend him, and when he seen a patrol car driven by defendant Oestrich and Williams blocking his path, he attempted to move out of the way of the defendants.

14. As the Plaintiff attempted to move passed the patrol car driven by Williams, which Oestrich was a passenger in, defendant Oestrich immediately grabbed the Plaintiff off of his motorcycle while the motorcycle was in motion and threw the Plaintiff to the ground.

15. Defendant Oestrich then struck the Plaintiff (who was not posing any threat to defendant Oestrich or others) with his closed fists approximately five times.

16. While defendant Oestrich straddled the Plaintiff and was striking him, defendant Cotter ran over to the Plaintiff, kneeled down on his shoulder and struck the Plaintiff in his facial area with his closed fist approximately three times, while defendant Oestrich kneed the Plaintiff in his legs and back.

17. During this time period, defendants Cowhig, Williams and Defillipo assisted defendants Oestrich and Cotter as they used unreasonable force upon the Plaintiff by pinning the Plaintiff down to the ground.

18. During this time period, defendant DOE officer intentionally slammed the Plaintiff's head on the ground, and kept his knee pressed with extreme force on the Plaintiff's neck and head area.

19. Plaintiff filed a timely government claim against the City of San Francisco on February 10, 2019, pursuant to California Government Code §910, et seq., Plaintiff's claims were subsequently rejected by San Francisco.

4

# FEDERAL CAUSE OF ACTION

## FIRST CLAIM

**Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force – As to Defendants Oestrich, Cotter and DOE Officer)**

20. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

21. That Defendant Officer Oestrich, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally striking the Plaintiff with his closed fists approximately five times and kneeing the Plaintiff in his legs and back approximately three times, after the Plaintiff was already on the ground, subdued, surrounded by police officers and not posing any threat to defendant officers or anyone else.

22. That Defendant Officer Cotter, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally striking the Plaintiff with his closed fists approximately five times in his facial area, after the Plaintiff was already on the ground, subdued, surrounded by police officers and not posing any threat to defendant officers or anyone else.

23. That Defendant DOE Officer, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally slammed the Plaintiff's head on the ground two times and kept his knee pressed with extreme force on the Plaintiff's neck and head area, after the Plaintiff was already on the ground, subdued, surrounded by police officers and not posing any threat to defendant officers or anyone else.

24. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendant's actions.

25. The conduct of the named Defendant Officers and Does 1-25, as alleged, was intended to cause injury to Plaintiff and was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice. In addition, by their conduct, the Defendant Officers subjected Plaintiff to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression.

26. Because the above acts were performed in a malicious, and/or oppressive manner, decedent is entitled to recover punitive damages from named Defendant Officers and Does 1-25 in an amount according to proof.

***Integral Participants- as to Defendants Cowhig, Williams, Defillipo***

27. It is alleged that defendants Cowhig, Williams and Defillipo are liable as Integral Participants because they assisted defendants Oestrich and Cotter as they used unreasonable force upon the Plaintiff by pinning the Plaintiff down to the ground.

***Failure To Intervene- as to Defendants Cowhig, Williams, Defillipo***

28. Defendants failed to intervene and stop the excessive force from taking place upon the Plaintiff's person, causing him harm.

6

29. Defendants specifically observed the Plaintiff suffering excessive force, because the other named Defendants, deliberately and intentionally engaged in unnecessary use of force in the presence of the defendants.

30. That this excessive force took place within a specified period of time, and not in a few seconds or so quickly as to have not afforded the Defendants an opportunity to intervene.

31. That this opportunity to intervene was realistic.

## STATE CAUSES OF ACTION

## SECOND CLAIM

**(Negligence – As to the Named Defendant Officers, San Francisco)**

32. By virtue of the foregoing, Defendant Officers owed Plaintiff a duty of due care not to cause the Plaintiff to suffer excessive force/ battery, intentional infliction of emotional distress, and that this duty was breached by the Defendant's negligence and failure to exercise due care in his handling of the Plaintiff.

33. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

34. Defendant Officers are liable for all injuries caused by his acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

35. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

36. Because Defendant Officers were acting as employees of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of San Francisco, San Francisco is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

### THIRD CLAIM

**(Battery – As to All Defendant Officers, SAN FRANCISCO and DOES 1-25)**

37. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

38. That Defendant Officer Oestrich, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally striking the Plaintiff with his closed fists approximately five times and kneeing the Plaintiff in his legs and back approximately three times, once the Plaintiff was already on the ground, subdued and surrounded by police officers.

39. That Defendant Officer Cotter, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally striking the Plaintiff with his closed fists approximately five times in his facial area, once the Plaintiff was already on the ground, subdued and surrounded by police officers.

40. That Defendant DOE Officer, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally slammed the Plaintiff's head on the ground two times and kept his knee pressed with extreme force on the Plaintiff's neck and head area, once the Plaintiff was already on the ground, subdued and surrounded by police officers.

41. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendant's actions.

*Integral Participants*

42. It is alleged that defendants Cowhig, Williams and Defillipo are liable as Integral Participants because they assisted defendants Oestrich and Cotter as they used unreasonable force upon the Plaintiff by pinning the Plaintiff down to the ground.

43. Defendants Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

44. Defendants as public employees are not exonerated or immune from liability for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

45. Because Defendant Officers were acting as employees of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of San Francisco, San Francisco is liable to the Plaintiff for Battery pursuant to California Government Code §815.2.

46. Defendants' conduct as described above was willful, malicious, oppressive, knowing, and intentional; accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof for damages caused by Defendants' conduct.

## FOURTH CLAIM

**(BANE ACT VIOLATION – As to All Defendant Officers, San Francisco and DOES 1-25)**

47. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

48. That Defendant Officer Oestrich, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally striking the Plaintiff with his closed fists approximately five times and kneeing the Plaintiff in his legs and back approximately three times.

49. That Defendant Officer Cotter, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally striking the Plaintiff with his closed fists approximately five times in his facial area.

50. That Defendant DOE Officer, acting under color of law, used unreasonable and excessive force on August 12, 2018, by deliberately and intentionally slammed the Plaintiff's head on the ground two times and kept his knee pressed with extreme force on the Plaintiff's neck and head area.

51. (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances there was no objectively reasonable basis for the defendant's actions.

52. Defendant Officers interfered with Plaintiff's Fourth Amendment right to be free from the unlawful seizure of his person through the exercise of excessive force.

53. That upon observing the Defendant Officers exercising excessive force upon his person, the Plaintiff reasonably believed that if he exercised his right to be free from the unlawful use of excessive force upon his person, that the Defendant Officers would commit violence against him.

54. That Defendant Officers injured the Plaintiff to prevent him from exercising these rights.

55. That Plaintiff was harmed because he suffered physical injuries as well as severe emotional stress as a result of the violent acts imposed on him by the Defendant Officers and;

56. The Defendant Officers' use of excessive force to prevent the Plaintiff from exercising his rights was a substantial factor in causing his harm.

57. Because Defendant Officers were acting as employees of San Francisco at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of San Francisco, San Francisco is liable to the Plaintiff for BANE ACT violation pursuant to California Government Code §815.2.

### PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

**JURY DEMAND**

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: April 3, 2019            /s/ *STANLEY GOFF*
                               STANLEY GOFF
                               Attorney for Plaintiff
                               David Cordero

12